**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CORNELIUS BYERS,<br><br>　　　　　Petitioner,<br>　v.<br>CONNIE GIPSON, Warden,<br><br>　　　　　Respondent. | Case No. CV 14-7192 CJC (AFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which respondent has made objections.

　　　In the Objections, respondent contends that Ground Two — instructional error — was procedurally defaulted because the California Court of Appeal rejected it on independent and adequate state law procedural grounds, specifically, petitioner's failure to object to the alleged instructional error during trial.

Although this issue is debatable, the Court continues to find that respondent has not met his burden of adequately pleading the existence of an independent and adequate state procedural ground as an affirmative defense. In other words, respondent has not shown that the "contemporaneous objection" rule — as applied to petitioner's claim that the trial court had a sua sponte duty to give a jury instruction based on an issue raised by the evidence — is independent of federal law, firmly established, and regularly followed in California. *See, e.g., People v. McCurdy*, 59 Cal. 4th 1063, 1075 n.3 (2014) (claim that court failed to instruct sua sponte on general principle of law relevant to issues raised by evidence does not require action on the part of the defendant at trial in order to preserve the argument for appeal); *People v. Alvarez*, 14 Cal. 4th 155, 220 (1996) (same); *People v. Valdez*, 55 Cal. 4th 82, 151 (2012) (claim that court failed to give an instruction sua sponte in order to "provide adequate guidance to the jury" required no trial action on defendant's part to be preserved for appeal); *People v. DePriest*, 42 Cal. 4th 1, 19 n.6 (2007) (where appellate claim is of a kind, such as "failure to instruct sua sponte," no trial court action by defendant is required to preserve the claim for appeal); *People v. Rogers*, 39 Cal. 4th 826, 850 n.7 (2006) (same); *People v. Boyer*, 38 Cal. 4th 412, 441 n.17 (2006) (same); *see also People v. Brothers*, 236 Cal. App. 4th 24, 33 n.6 (2015) ("Silence cannot constitute a forfeiture of an argument the trial court violated its sua sponte obligation to instruct on a lesser included offense – that is the very meaning of sua sponte."). Accordingly, respondent's objection is overruled.

In any event, even if this instructional error claim is resolved on the merits, as it was in the Report and Recommendation, habeas relief still is not warranted. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (noting that, in the interest of judicial economy, courts might resolve easier matters where complicated procedural default issues exist). As discussed in the Report and Recommendation, the California Court of Appeal determined that the jury instructions were correct as

a matter of law, a determination which is binding on the Court. *See Bradshaw v. Richey*, 546 U.S. 784, 786 (2005). Although the Report and Recommendation did not discuss it, petitioner also failed to show that the alleged instructional error was an error of federal constitutional magnitude. The Report and Recommendation is ordered amended at page 27, line 25, to reflect this finding, with the addition of the following paragraph:

> Moreover, even if the instruction were warranted as a matter of state law, petitioner has not shown that the omission was an error of constitutional magnitude. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991); *Miller v. Stagner*, 757 F.2d 988, 993 (9th Cir. 1985) ("Failure to give an instruction which might be proper as a matter of state law does not amount to a federal constitutional violation."); *see also Walker v. Endell*, 850 F.2d 470, 476 (9th Cir. 1987) (holding that a trial court's failure to elaborate on the concept of recklessness amounted at most to an error of state law). And the type of instructional error alleged in this case was one of the least serious types of instructional error: The overall instructions defining murder were correct, but the trial court merely failed to give a clarifying instruction to foreclose a potential area of confusion for the jury. Petitioner's burden to show a constitutional violation under these circumstances is especially heavy. *See Henderson*, 431 U.S. at 155 ("In this case, the [prisoner's] burden is especially heavy because no erroneous instruction was given; his claim of prejudice is based on the failure to give any explanation beyond the reading of the statutory language itself of the causation element."). Petitioner has not met this burden.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) petitioner's request for an evidentiary hearing is denied; and (3) Judgment shall be entered dismissing this action with prejudice.

DATED: May 11, 2016

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE